UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3903 CAS(SSx) | Date | October 4, 2010 |
|---|---|---|---|
| Title | ASCENDIANT CAPITAL GROUP, LLC; ET AL. v. INOVA TECHNOLOGY, INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Jefford Davies | | Jan Yoss<br>Douglas Hallett | |

**Proceedings:**  **ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

**DEFENDANT BOONE OPPORTUNITY LENDERS, LLC, BOONE ADVISORS, LLC, ANDREA GOLDMAN, BOL OPPORTUNITY FUND I, LLC AND RANDALL STERN'S MOTION TO DISMISS**
(filed 08/24/10)

## I.   INTRODUCTION

On May 24, 2010, plaintiffs Ascendiant Capital Group, LLC and Ascendiant Opportunity Fund-I LLC, (collectively "Ascendiant") filed a complaint against defendants BOL Opportunity Fund I LLC, Boone Advisors, LLC, Boone Opportunity Lenders, LLC, Desert Communications, Inc. ("Desert"), Global Technology Finance, LLC ("GTF"), Andrea B. Goldman, Inova Technology, Inc., and Randall P. Stern, alleging claims for: (1) breach of contract; (2) fraud; (3) negligent misrepresentation; (4) conspiracy; (5) conversion; and (6) intentional interference with contractual relationships; and for declaratory and injunctive relief.  The claims arise from a dispute between plaintiffs and defendants with respect to Ascendiant's rights under a number of debentures issued to it, and the priority of Ascendiant's claim to Desert's assets.

On May 24, 2010, Ascendiant filed an ex parte application for a temporary restraining order, an order to show cause with respect to a preliminary injunction, and for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3903 CAS(SSx) | Date | October 4, 2010 |
|---|---|---|---|
| Title | ASCENDIANT CAPITAL GROUP, LLC; ET AL. v. INOVA TECHNOLOGY, INC.; ET AL. | | |

expedited discovery. Defendants filed an opposition on May 28, 2010. On June 1, 2010, the Court denied plaintiff's application for a temporary restraining order, but maintained its order enjoining any and all foreclosure sales of the assets of Desert pending the Court's ruling on an order to show cause why a preliminary injunction should not issue. The parties stipulated to continue the hearing on the order to show cause from June 1, 2010 to September 27, 2010.

Defendants Boone Opportunity Lenders, LLC, Boone Advisors, LLC, Andrea Goldman, and Randall Stern (the "Boone Defendants") also filed a motion to dismiss on August 24, 2010.[1] On September 17, 2010, plaintiffs' counsel filed an ex parte application to continue the hearing on the motion to dismiss from September 27, 2010 to October 27, 2010 to allow additional time to file an opposition. The Boone Defendants opposed this application on September 21, 2010. The Court granted a continuance of the hearing from September 27, 2010 to October 4, 2010, and extended plaintiffs' time to file an opposition to September 27, 2010. Plaintiffs did not file an opposition. After carefully considering the arguments put forth by the parties, the Court finds and concludes as follows.

## II.    MOTION TO DISMISS

Because plaintiffs have failed to timely respond to the motion to dismiss, the Court GRANTS defendants' motion to dismiss without prejudice. Plaintiffs shall file an amended complaint within thirty (30) days after the filing of this order. Plaintiffs are admonished that in the event that they do not amend their complaint within thirty (30) days, the Court will dismiss the action with prejudice.

## III.    ORDER TO SHOW CAUSE

The Ninth Circuit summarized the Supreme Court's recent clarification of the standard for granting preliminary injunctions in <u>Winter v. Natural Res. Def. Council</u>, 129 S. Ct. 365, 374 (2008), as follows: "[a] plaintiff seeking a preliminary injunction must

---

[1] Plaintiffs filed a notice dismissing defendant GTF on September 11, 2010. The Court signed an order thereon on September 29, 2010.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3903 CAS(SSx) | Date | October 4, 2010 |
|---|---|---|---|
| Title | ASCENDIANT CAPITAL GROUP, LLC; ET AL. v. INOVA TECHNOLOGY, INC.; ET AL. | | |

establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." Alliance of Wild Rockies v. Cottrell, __ F. 3d __, 2010 WL 3665149 at *8. A "serious question" is one on which the movant "has a fair chance of success on the merits." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984).

Defendants argue in their supplemental memorandum of points and authorities in response to the Court's order to show cause re the issuance of a preliminary injunction ("Supplemental Memo") that a preliminary injunction should not issue because plaintiffs cannot show likelihood of success on the merits or likelihood of irreparable injury. The Court agrees, and finds that the issuance of a preliminary injunction is also inappropriate under the "serious question" standard.

First, as the Boone Defendants argue in their Supplemental Memo, "[i]n order to challenge any action undertaken by the Boone Parties under the terms of the agreements between BOL Fund and Inova/Desert, including foreclosure, Plaintiffs must show that they have a senior security interest in the assets. If they cannot do this, then as a junior secured lender, or in the case of Ascendiant Capital Group, as an unsecured lender, [they do not] have standing to challenge any contractually allowed action by the senior lender, BOL Fund." Supplemental Memo at 4. The Court has already found, in denying plaintiffs' motion for a temporary restraining order that "based on the record, it is not clear what is the basis for plaintiffs' contention that they have a security interest that is senior to other creditors, including the Boone defendants. Thus, plaintiffs fail to demonstrate that they are likely to succeed on the merits of their claims." June 1, 2010 Order denying Plaintiffs' Ex Parte Application for a Temporary Restraining Order at 2-3. No further evidence has been submitted to this Court since that time that would change this analysis. The Court also agrees with defendants that there is no evidence to suggest that plaintiffs are likely to succeed with respect to their claims based on fraud. In fact, it does not appear to the Court on the current record that plaintiffs have even a "fair

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3903 CAS(SSx) | Date | October 4, 2010 |
|---|---|---|---|
| Title | ASCENDIANT CAPITAL GROUP, LLC; ET AL. v. INOVA TECHNOLOGY, INC.; ET AL. | | |

chance" of success on the merits.

Moreover, the Court further finds that there is no showing of likelihood to suffer irreparable harm in the absence of preliminary relief. This Court found in its June 1, 2010 Order denying Plaintiffs' Ex Parte Application for a Temporary Restraining Order that plaintiffs had not demonstrated "that they are likely to suffer irreparable harm in the absence of injunctive relief." No further evidence has been presented to this Court that would change this analysis. There continues to be no showing as to an imminent threat of foreclosure, or even of what assets might be foreclosed upon. Therefore, because there is no showing of likelihood of irreparable harm, nor a showing of likelihood of success on the merits–or even of a "serious question" with respect to the merits, the Court finds that no preliminary injunction should issue.

## IV.  CONCLUSION

In light of the foregoing the Court GRANTS defendants' motion to dismiss without prejudice. Plaintiffs shall file an amended complaint within thirty (30) days after the filing of this order. Plaintiffs are admonished that in the event that they do not amend their complaint within thirty (30) days, the Court will dismiss the action with prejudice. The Court also declines to issue a preliminary injunction to prevent defendants from encumbering or foreclosing upon the assets of Desert or Inova.

IT IS SO ORDERED.

|  | 00 | : | 05 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |