UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV CAS 10-3903 (SSx) | Date | January 13, 2011 |
|---|---|---|---|
| Title | ASCENDIANT CAPITAL GROUP, LLC; ET AL. v. INOVA TECHNOLOGY, INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** **(In Chambers):**
**MOTION TO DISMISS DEFENDANTS INOVA TECHNOLOGY, INC. AND DESERT COMMUNICATIONS, INC.** (filed 11/24/10)

**DEFENDANTS BOONE OPPORTUNITY LENDERS LLC, BOONE ADVISORS, LLC, BOL OPPORTUNITY FUND I** (filed 12/1/10)

## I.  INTRODUCTION

On May 24, 2010, plaintiffs Ascendiant Capital Group, LLC and Ascendiant Opportunity Fund-I LLC, (collectively "Ascendiant") filed a complaint against defendants BOL Opportunity Fund I LLC, Boone Advisors, LLC, Boone Opportunity Lenders, LLC, Desert Communications, Inc. ("Desert"), Global Technology Finance, LLC ("GTF"), Andrea B. Goldman ("Goldman"), Inova Technology, Inc. ("Inova"), and Randall P. Stern ("Stern").  Plaintiffs filed a notice dismissing defendant GTF on September 11, 2010.  The Court entered an order thereon on September 29, 2010.  On October 4, 2010, the Court dismissed the complaint with leave to amend.  On November 5, 2010, plaintiffs filed a first amended complaint ("FAC") against defendants Inova, Desert, Boone Opportunity Lenders, LLC, Boone Advisors, LLC, BOL Opportunity Fund I, LLC, Stern, Goldman, Todd Peterson, F.J. O'Leary, and Chuck Mosely, alleging claims for (1) breach of contract, (2) fraud, (3) negligent misrepresentation, (4) conspiracy, (5) conversion, (6) intentional interference with contractual relationships, (7) injunctive relief, and (8) declaratory relief.  The claims arise from a dispute between plaintiffs and defendants with respect to Ascendiant's rights under a number of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV CAS 10-3903 (SSx) | Date | January 13, 2011 |
|---|---|---|---|
| Title | ASCENDIANT CAPITAL GROUP, LLC; ET AL. v. INOVA TECHNOLOGY, INC.; ET AL. | | |

debentures issued to it, and the priority of Ascendiant's claim to Desert's assets.

On November 19, 2010, defendants Boone Opportunity Lenders, LLC, Boone Advisors, LLC (collectively, the "Boone Defendants"), and Andrea Goldman ("Goldman"), and Randall Stern ("Stern") filed a motion to dismiss the FAC. On November 24, 2010, defendants Desert and Inova filed a motion to dismiss the FAC. On December 1, 2010, plaintiffs filed an opposition to both motions. On December 8, 2010, the Boone Defendants filed a reply in support of their motion. A hearing on these motions was held December 2, 2010. At the hearing, the Court requested supplemental submissions by the parties of the operative agreements. On January 3, 2011, plaintiffs along with the Boone Defendants, Goldman, and Stern, filed a joint submission of documents requested by Court concerning motion to dismiss by the Boone defendants ("Joint Submission"). On January 4, 2011, the Boone Defendants, Goldman, and Stern filed a statement of discussion of documents in the parties' joint submission to the Court. Having carefully considered the documents submitted and the arguments of the parties, the Court finds and concludes as follows.

## II. DISCUSSION

In their respective motions to dismiss, defendants assert lack of personal jurisdiction, improper venue, and failure to state a claim. The relevant events leading up to the filing of this lawsuit appear in the FAC. Ascendiant alleges as follows: On or about September 20, 2007, Ascendiant entered into an engagement agreement with Inova and Desert pursuant to which Ascendiant was to receive placement fees in connection with the placement, issuance, or sale of securities intended to raise capital for Inova or Desert. FAC ¶ 18. In the course of this transaction, Randall Stern, principal of Boone, served as a registered representative for Ascendiant. Id. Thereafter, on or about November 30, 2007, Boone entered into an agreement with Inova and its subsidiary Desert for the purchase of a $2,016,000 secured debenture issued by Desert. Id. at ¶ 20. On the same day, a debenture in the amount of $78,000 was also issued from Desert to Ascendiant as partial payment for the placement fees owed to Ascendiant. Id. at ¶ 25, Exhibit 3 to FAC. On December 27, 2007, Boone perfected its security interest in the debenture issued on November 30, 2007 by filing a UCC-1 in the State of Nevada for Inova and in the State of Texas for Desert. FAC at ¶ 26. According to plaintiffs, "[s]ubsequently, from on or about April 2008 through May 2010, PLAINTIFFS believe

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV CAS 10-3903 (SSx) | Date | January 13, 2011 |
|---|---|---|---|
| Title | ASCENDIANT CAPITAL GROUP, LLC; ET AL. v. INOVA TECHNOLOGY, INC.; ET AL. | | |

BOONE issued nine new debentures solely to DESERT. Within each new debenture note, BOONE attempted to add language to make the debenture an amendment to the B&I AGREEMENT signed in 2007." Id. at ¶ 27.

Plaintiffs allege that Boone never perfected a security interest in the new debentures. Id. Plaintiffs further allege that on or about July 1, 2008, plaintiff Ascendiant Opportunity Fund-I, LLC entered into a Security Agreement with Inova and Desert pursuant to which a debenture was issued in the amount of about $500,000, which Ascendiant Opportunity Fund-I, LLC duly perfected. Id. at ¶ 29.

Plaintiffs next allege that on or about August 7, 2009, in order to resolve the outstanding placement fees owed to Ascendiant, Desert and Inova agreed to modify the terms of their November 30, 2007 debenture by rolling all outstanding placement fee-related debt into the original debenture through an amendment. Id. at ¶34. The original secured debenture of $78,000.00 was increased by the amended debenture, signed by the parties, to $283,063.71 to account for past due placement fees, interest and service charges. Id., Exh. 7. According to plaintiffs, on or about November 10, 2009, Ascendiant's subsidiary perfected a security interest in the amended document. FAC at ¶ 35.

Thereafter in late 2009, Global Technology Finance, LLC ("GTF") negotiated a factoring agreement with Desert. Id. at ¶ 36. In connection with this agreement, "BOONE and FUND . . . entered into subordination agreements with GTF. [but] ASCENDIANT did not." Id. at 37. On December 31, 2009, the amended debenture owed by Desert and Inova became due, but no payments have been made." Id. at ¶ 38.

On or about April 8, 2010, Ascendiant sent a formal demand letter for payment on the amended debenture to Adam Radly, Chairman for Desert, who replied via email that Desert refused to repay the debt and would not engage in any further discussions. Id. at ¶ 45. Plaintiffs further allege that around this time, Randall Stern made several threats to foreclose on Desert's assets, and that defendants conspired to wrongfully avoid repayment of the debt owed to Ascendiant. Id. at ¶¶ 45, 71.

### A.     Defendant Andrea Goldman

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV CAS 10-3903 (SSx) | Date | January 13, 2011 |
|---|---|---|---|
| Title | ASCENDIANT CAPITAL GROUP, LLC; ET AL. v. INOVA TECHNOLOGY, INC.; ET AL. | | |

 Defendants move to dismiss defendant Andrea Goldman in part based on their argument that plaintiffs cannot show that this Court has personal jurisdiction over her. California's long-arm jurisdictional statute is coextensive with federal due process requirements, so that the jurisdictional analysis under state law and federal due process are the same. Cal. Civ. Proc. Code § 410.10; Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991). In order for a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or specific. A court has general jurisdiction over a nonresident defendant when that defendant's activities within the forum state are "substantial" or "continuous and systematic," even if the cause of action is "unrelated to the defendant's forum activities." Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 446-47 (1952); Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977).

 The standard for establishing general jurisdiction is "fairly high" and requires that the defendant's contacts be substantial enough to approximate physical presence. Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." Id. (finding no general jurisdiction when the corporation was not registered or licensed to do business in California, paid no taxes, maintained no bank accounts, and targeted no advertising toward California). Occasional sales to residents of the forum state are insufficient to create general jurisdiction. See Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986).

 A court may assert specific jurisdiction over a claim for relief that arises out of a defendant's forum-related activities. Rano v. Sipa Press, Inc., 987 F.2d 580, 588 (9th Cir. 1993). The test for specific personal jurisdiction has three parts:

 (1) The defendant must perform an act or consummate a transaction within the forum, purposefully availing himself of the privilege of conducting activities in the forum and invoking the benefits and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | CV CAS 10-3903 (SSx) | Date | January 13, 2011 |
| Title | ASCENDIANT CAPITAL GROUP, LLC; ET AL. v. INOVA TECHNOLOGY, INC.; ET AL. | | |

protections of its laws;
(2) The claim must arise out of or result from the defendant's forum-related activities; and
(3) Exercise of jurisdiction must be reasonable.

Id.; see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985). The plaintiff bears the burden of satisfying the first two prongs, and if either of these prongs is not satisfied, personal jurisdiction is not established. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004).

The purposeful availment prong is treated differently in a contracts case. Because a contract is "ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction ," a court must evaluate four factors to determine whether this prong is met: (1) prior negotiations, (2) contemplated future consequences, (3) the terms of the contract, (4) the parties' actual course of dealing. Burger King, 471 U.S. at 478-79.

If the plaintiff establishes the first two prongs regarding purposeful availment and the defendant's forum-related activities, then it is the defendant's burden to "present a compelling case" that the third prong, reasonableness, has not been satisfied. Schwarzenegger, 374 F.3d at 802 (quoting Burger King, 471 U.S. at 477). The third prong requires the Court to balance seven factors: (1) the extent of the defendant's purposeful availment, (2) the burden on the defendant, (3) conflicts of law between the forum state and the defendant's state, (4) the forum's interest in adjudicating the dispute, (5) judicial efficiency, (6) the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. Roth v. Garcia Marquez, 942 F.2d 617, 623 (9th Cir. 1991).

Where, as here, a court decides a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995); Doe v. Unocal Corp., 27 F. Supp. 2d 1174, 1181 (C.D. Cal. 1998), aff'd, 248 F.3d 915 (9th Cir. 2001). Plaintiff's version of the facts is taken as true for purposes of the motion if not directly controverted, and conflicts between the parties' affidavits must be resolved in plaintiff's favor for purposes of deciding whether a prima

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV CAS 10-3903 (SSx) | Date | January 13, 2011 |
|---|---|---|---|
| Title | ASCENDIANT CAPITAL GROUP, LLC; ET AL. v. INOVA TECHNOLOGY, INC.; ET AL. | | |

facie case for personal jurisdiction exists. AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996); Unocal, 27 F. Supp. 2d at 1181.

The Court finds that it is proper to dismiss Goldman for lack of personal jurisdiction. No allegations have been made about Goldman in her individual capacity which would subject her either to general or specific jurisdiction in this Court.

### B. Remaining Defendants

The Court further finds that it is proper to dismiss the Boone Defendants on the basis of improper venue. The Court bases its conclusion on paragraph 15 of the Subordination Agreement between AOF and BOL Fund, which provides: "This agreement shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to conflicts of laws principles. Ascendiant and the Existing Lienholders submit to the exclusive jurisdiction of the state and federal courts located in New York, New York in any action, suit or proceeding of any kind, against it which arises out of or by reason of this Agreement." The Court finds that the forum selection clause is reasonable and enforceable. Moreover, the Court agrees with the Boone Defendants that "[a]ll of Plaintiffs' claims against [them], including those sounding in tort, arise directly out of and relate to the relationship between Plaintiffs and [the Boone Defendants] created by the Subordination Agreement. As a result, all of these causes of action are subject to the forum selection clause in the Subordination Agreement and should be dismissed." Mot. at 16, citing Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F. 2d 509 (9th Cir. 1988).

Moreover, the Court concludes that the issue of the priority of the liens held by the Boone Defendants and plaintiffs lies at the heart of each of plaintiffs' claims, and pursuant to the aforementioned Subordination Agreement, the decision of this issue should be made by a New York court.[1] The Court therefore finds it appropriate to stay

---

[1] Having reviewed the Joint Submission, it is apparent to the Court that the July 1, 2008 debenture in the amount of $500,000, the purchase agreement associated with that debenture, and all amendments to that debenture also include New York venue and choice of law provisions. Exh. 5-8 to Joint Submission. Moreover, to the extent that a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV CAS 10-3903 (SSx) | Date | January 13, 2011 |
|---|---|---|---|
| Title | ASCENDIANT CAPITAL GROUP, LLC; ET AL. v. INOVA TECHNOLOGY, INC.; ET AL. | | |

this action with respect to the remaining defendants, namely Inova, Desert, Stern, Todd Peterson, F.J. O'Leary, and Chuck Mosely, and to defer ruling on the motions to dismiss with respect to those defendants. The Court finds this stay appropriate to provide plaintiffs time to file an action against the Boone Defendants, if they choose, in a New York court, and to allow that Court to make the necessary determinations. The Court finds this approach proper as both actions would require a court to determine the priority of th liens at issue, and allowing the New York court to proceed first may prevent this Court from reaching an inconsistent judgment with the New York court, which has exclusive jurisdiction over the dispute between the Boone Defendants and plaintiffs, as discussed above.

### III. CONCLUSION

In light of the foregoing, the Court GRANTS the motion to dismiss for lack of personal jurisdiction with respect to defendant Goldman. The Court GRANTS the motion to dismiss for improper venue with respect to defendants Boone Opportunity Lenders, LLC, Boone Advisors LLC, BOL Opportunity Fund I, LLC. With respect to all other defendants, the Court stays the instant action and removes it from its active case list. Plaintiffs and the Boone defendants shall file a status report every one hundred twenty (120) days to apprise the Court of the status of this case.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

court in New York might be called upon to interpret or rely upon the $78,000 debenture dated November 30, 2007, or the August 7, 2009 amendment to this debenture, neither of these agreements have venue provisions. Exh. 2-3 to Joint Submission. While these agreements include California choice-of-law provisions, a New York court is fully competent to apply California law where necessary.