UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                O

**CIVIL MINUTES - GENERAL**

| Case No. | CV CAS 10-3903 (SSx) | Date | June 13, 2011 |
|---|---|---|---|
| Title | ASCENDIANT CAPITAL GROUP, LLC; ET AL. v. INOVA TECHNOLOGY, INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| ISABEL MARTINEZ/ CATHERINE JEANG | LAURA ELIAS | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Renee Daughetee | | Jan Yoss | |

**Proceedings:** **DEFENDANT RANDALL P. STERN'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** (filed 5/16/11)

## I.   INTRODUCTION

On May 24, 2010, plaintiffs Ascendiant Capital Group, LLC and Ascendiant Opportunity Fund-I LLC, (collectively "Ascendiant") filed a complaint against defendants BOL Opportunity Fund I LLC, Boone Advisors, LLC, Boone Opportunity Lenders, LLC, Desert Communications, Inc. ("Desert"), Global Technology Finance, LLC ("GTF"), Andrea B. Goldman ("Goldman"), Inova Technology, Inc. ("Inova"), and Randall P. Stern ("Stern").  Plaintiffs filed a notice dismissing defendant GTF on September 11, 2010.  The Court entered an order thereon on September 29, 2010.  On October 4, 2010, the Court dismissed the complaint with leave to amend.  On November 5, 2010, plaintiffs filed a first amended complaint ("FAC") against defendants Inova, Desert, Boone Opportunity Lenders, LLC, Boone Advisors, LLC, BOL Opportunity Fund I, LLC, Stern, Goldman, Todd Peterson, F.J. O'Leary, and Chuck Mosely, alleging claims for (1) breach of contract, (2) fraud, (3) negligent misrepresentation, (4) conspiracy, (5) conversion, (6) intentional interference with contractual relationships, (7) injunctive relief, and (8) declaratory relief.  The claims arise from a dispute between plaintiffs and defendants with respect to Ascendiant's rights under a number of debentures issued to it, and the priority of Ascendiant's claim to Desert's assets.

The relevant events leading up to the filing of this lawsuit appear in the FAC. Ascendiant alleges as follows:  On or about September 20, 2007, Ascendiant entered into an engagement agreement with Inova and Desert pursuant to which Ascendiant was to receive placement fees in connection with the placement, issuance, or sale of securities

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA          O

**CIVIL MINUTES - GENERAL**

| Case No. | CV CAS 10-3903 (SSx) | Date | June 13, 2011 |
|---|---|---|---|
| Title | ASCENDIANT CAPITAL GROUP, LLC; ET AL. v. INOVA TECHNOLOGY, INC.; ET AL. | | |

intended to raise capital for Inova or Desert. FAC ¶ 18. In the course of this transaction, Randall Stern, principal of Boone, served as a registered representative for Ascendiant. Id. Thereafter, on or about November 30, 2007, Boone entered into an agreement with Inova and its subsidiary Desert for the purchase of a $2,016,000 secured debenture issued by Desert. Id. at ¶ 20. On the same day, a debenture in the amount of $78,000 was also issued from Desert to Ascendiant as partial payment for the placement fees owed to Ascendiant. Id. at ¶ 25, Exhibit 3 to FAC. On December 27, 2007, Boone perfected its security interest in the debenture issued on November 30, 2007 by filing a UCC-1 in the State of Nevada for Inova and in the State of Texas for Desert. FAC at ¶ 26. According to plaintiffs, "[s]ubsequently, from on or about April 2008 through May 2010, PLAINTIFFS believe BOONE issued nine new debentures solely to DESERT. Within each new debenture note, BOONE attempted to add language to make the debenture an amendment to the B&I AGREEMENT signed in 2007." Id. at ¶ 27.

Plaintiffs allege that Boone never perfected a security interest in the new debentures. Id. Plaintiffs further allege that on or about July 1, 2008, plaintiff Ascendiant Opportunity Fund-I, LLC entered into a Security Agreement with Inova and Desert pursuant to which a debenture was issued in the amount of about $500,000, which Ascendiant Opportunity Fund-I, LLC duly perfected. Id. at ¶ 29.

Plaintiffs next allege that on or about August 7, 2009, in order to resolve the outstanding placement fees owed to Ascendiant, Desert and Inova agreed to modify the terms of their November 30, 2007 debenture by rolling all outstanding placement fee-related debt into the original debenture through an amendment. Id. at ¶34. The original secured debenture of $78,000.00 was increased by the amended debenture, signed by the parties, to $283,063.71 to account for past due placement fees, interest and service charges. Id., Exh. 7. According to plaintiffs, on or about November 10, 2009, Ascendiant's subsidiary perfected a security interest in the amended document. FAC at ¶ 35.

Thereafter in late 2009, Global Technology Finance, LLC ("GTF") negotiated a factoring agreement with Desert. Id. at ¶ 36. In connection with this agreement, "BOONE and FUND . . . entered into subordination agreements with GTF. [but] ASCENDIANT did not." Id. at 37. On December 31, 2009, the amended debenture owed by Desert and Inova became due, but no payments have been made." Id. at ¶ 38.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                O

**CIVIL MINUTES - GENERAL**

| Case No. | CV CAS 10-3903 (SSx) | Date | June 13, 2011 |
|---|---|---|---|
| Title | ASCENDIANT CAPITAL GROUP, LLC; ET AL. v. INOVA TECHNOLOGY, INC.; ET AL. | | |

On or about April 8, 2010, Ascendiant sent a formal demand letter for payment on the amended debenture to Adam Radly, Chairman for Desert, who replied via email that Desert refused to repay the debt and would not engage in any further discussions. Id. at ¶ 45. Plaintiffs further allege that around this time, Randall Stern made several threats to foreclose on Desert's assets, and that defendants conspired to wrongfully avoid repayment of the debt owed to Ascendiant. Id. at ¶¶ 45, 71.

On January 13, 2011, the Court granted a motion dismissing defendant Andrea Goldman for lack of personal jurisdiction. The Court also granted a motion dismissing defendants Boone Opportunity Lenders, LLC, Boone Advisors LLC, BOL Opportunity Fund I, LLC for improper venue, and stayed the case with respect to all other defendants to give plaintiffs an opportunity to file against the dismissed defendants in a New York court. On April 20, 2011, plaintiffs filed a status report indicating that they had chosen to forego such actions and wished to return the case to the Court's active caseload as against the remaining defendants.

On May 16, 2011, defendant Stern filed a renewed motion to dismiss the FAC. On May 23, 2011, plaintiffs filed an opposition to defendant's motion. On May 31, 2011, Stern filed a reply in support of his motion. Defendant's motion to dismiss is currently before the Court.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV CAS 10-3903 (SSx) | Date | June 13, 2011 |
|---|---|---|---|
| Title | ASCENDIANT CAPITAL GROUP, LLC; ET AL. v. INOVA TECHNOLOGY, INC.; ET AL. | | |

State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III.   DISCUSSION

Stern contends that plaintiff's fraud claim, as against him is based on two alleged misrepresentations: "[(1)] that Stern allegedly misrepresented that he would make certain

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA        O

**CIVIL MINUTES - GENERAL**

| Case No. | CV CAS 10-3903 (SSx) | Date | June 13, 2011 |
|---|---|---|---|
| Title | ASCENDIANT CAPITAL GROUP, LLC; ET AL. v. INOVA TECHNOLOGY, INC.; ET AL. | | |

that Plaintiffs would be repaid and that he would protect their interests, and, relying on such, the Plaintiffs entered into the Subordination Agreement; [and (2)] that Stern made misrepresentations that induced reliance when entering into the Engagement and Fee Agreements and Amended Debenture." Mot. at 12, 13. With respect to the fraud regarding the subordination agreement, defendant argues that it is defeated by the integration clause in that agreement. "AOF confirmed that it conducted its own due diligence and investigation and was not relying on anyone else's representations concerning the Subordination Agreement, or its terms. Such provision is sufficient to defeat a claim of misrepresentation in the inception of an agreement." Id. at 13. Additionally, Stern argues, "[t]here is not sufficient information as to when the alleged representations concerning the Engagement Agreement were purportedly made. . . . To maintain a claim for fraud on this issue, Plaintiffs must specifically plead the time and place of the representation. Indeed, in the FAC at paras. 18, 25, 34 and 84, it is apparent that Plaintiffs were relying on their own discussions with Inova and Desert and not upon any purported comments by Stern." Id. at 14.

With respect to plaintiffs' fourth claim for conspiracy, defendant argues that it fails as to him because he "is identified in the caption as a Defendant, but there are no specific allegations that Stern conspired with anyone. The allegations of the Fourth Cause of Action allege only that the 'Sellers' conspired to purportedly convert the assets of Desert and Inova with the Boone Entities and Desert and Inova." Id. Moreover, defendant argues, amendment would be futile, because conspiracy must be based on a validly alleged tort, and plaintiffs fail to effectively allege a tort claim as against him. Id.

With respect to plaintiff's fifth claim for conversion, defendant argues that the claim fails because it is "based upon a purported threat to foreclose on property as to which Plaintiffs are asserting a security interest. Any threat of foreclosure, indeed any foreclosure, would have had to be conducted by BOL, the secured creditor, not by Stern. As such, the allegations does [sic] not even apply to Stern and the complete basis for the claim fails, even if Stern made the alleged threats on behalf of BOL. In addition to the foregoing, a threat made by a secured creditor to foreclose does not rise to the level of exercising wrongful dominion or control over property." Id. at 15.

Defendant also argues that plaintiffs' sixth claim for intentional interference with contractual relationships fails because "[e]ven if the actions identified could possibly be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA          O

**CIVIL MINUTES - GENERAL**

| Case No. | CV CAS 10-3903 (SSx) | Date | June 13, 2011 |
|---|---|---|---|
| Title | ASCENDIANT CAPITAL GROUP, LLC; ET AL. v. INOVA TECHNOLOGY, INC.; ET AL. | | |

construed as amounting to interference, there is no allegation that the actions did in fact interfere with any rights of Plaintiff or that Plaintiff was damaged, other than conclusory allegations in the Sixth Cause of Action." Id. at 16.

Defendant finally argues that plaintiffs' seventh claim for injunctive relief should be dismissed as against him because it is only a remedy, and plaintiffs have failed to state any viable substantive claims against him. Id. Additionally, defendant argues that the eighth claim for declaratory relief should be dismissed as to him because the claim relates "only to the contracts between Plaintiffs and Inova, Desert and BOL." Id. at 17.

In reply, defendant adds that the FAC should be dismissed because "[t]he Court granted all of the Boone Defendants' original motion to dismiss the Complaint (including Stern) on the basis that the Complaint was so difficult to understand that the Court wanted to give Plaintiffs a chance to clarify what the basis was for the claims. Plaintiffs failed to do this sufficiently. Instead, the claims in the FAC are more convoluted than in the Complaint." Reply at 2. Moreover, defendant argues, plaintiffs' tort claims all fail because "[p]laintiff Ascendiant Capital Group ("ACG"), if it has any claims, only has a claim for breach of contract against Inova that was 'possessed' by Ascendiant Securities and 'distributed' to ACG. Plaintiffs' use of the name Ascendiant and assertion that both Plaintiffs have the same rights and entitlements is disingenuous and ignores rudimentary principles of law concerning the distinct nature of corporations. ACG cannot possess any of the tort claims of Ascendiant Securities, even if the claims were validly assigned and Ascendiant Securities possessed such claims. Tort claims, like fraud and intentional interference with contract are not assignable." Id. at 3.

In opposition, plaintiffs argue that they have sufficiently alleged claims for fraud and negligent misrepresentation. Opp. at 3. Specifically, plaintiffs assert that the FAC "specifically states that STERN made several representations to Ascendiant that is [sic] would receive placement fees for the Debentures that were issued in if they would take payments over time. Randal Stern as principal of BOONE controlled Desert and Inova's cash flow. (FAC ¶ 86). Stern knew his representations were false and in fact told DESERT not to pay Ascendiant at the time the debentures were entered into, (FAC ¶ 85, 87, 89). ASCENDIANT relied on the representations when entering into the Engagement Agreement and the Debentures. (FAC ¶ 88)." Additionally, plaintiffs assert that "[t]he FAC also stated STERN was on the investment committee for the FUND. STEN [sic]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA     O

**CIVIL MINUTES - GENERAL**

| Case No. | CV CAS 10-3903 (SSx) | Date | June 13, 2011 |
|---|---|---|---|
| Title | ASCENDIANT CAPITAL GROUP, LLC; ET AL. v. INOVA TECHNOLOGY, INC.; ET AL. | | |

intentionally misrepresented to and advised the FUND he would make sure the FUND'S claims would be repaid and the FUND'S investments would be protected by BOONE. These representations were made on or around July, 2008. STERN purposefully did not disclose to the fund that he would have BOONE continually purchase and conceal debentures from DESERT (FAC ¶ 30). STERN made representations and omissions to FUND that induced it to subordinate its claims to BOONE. FUND relied on these representations when entering into the agreement. STERN knew that the representations were false. (FAC ¶ 93, 94)." Plaintiffs argue that they have also sufficiently pleaded damages with respect to their fraud and negligent misrepresentation claims. "FAC states the Plaintiffs have be damaged [sic] in the amount of no less than $1,580,000.00. This is the amount due and owing which relating to [sic] agreement which STERN fraudulently induced plaintiffs to enter into." Id. at 4.

Plaintiffs further argue that the FAC sufficiently alleges a claim for conspiracy, "the wrongful acts being telling working [sic] with BOONE and others to wrongfully keep Plaintiffs['] monies and assets." Id. at 5. As to the issue of the underlying torts, plaintiffs argue that the conspiracy claim is based on "conversion, conversion through fraud, fraud and intentional interference with contractual relationships." Id. With respect to plaintiffs' sixth claim, they argue that "[i]nadvertently the Sixth cause of action was labeled Conversion in its title but looking to the body of the FAC the court can ascertain PLAINTIFFS are alleging intentional interference with contractual relationships." Id. Plaintiffs argue that this claim is supported by allegations that Stern "falsely misrepresented to PLAINTIFFS that they should enter into an agreement to loan monies to DESERT and INOVA while knowingly failing to disclose the restructuring model which would erase debentures owed to PLAINTIFFS from their loans. STERN purposefully directed the [sic] DESERT and INOVA not to honor the contracts it had entered into with Ascendiant. (FAC ¶ 85, 87, 89). In fact to this day, DESERT and INOVA have refused to pay PLAINTIFFS the monies owed based on the sole reason that STERN directed them not to pay PLAINTIFFS." Id. at 6.

As a preliminary matter, the Court concurs with defendant that plaintiff's FAC appears to conflate the Ascendiant entities in its allegations. The Court therefore cannot effectively evaluate defendant's contention that plaintiff's tort claims fail because the actual aggrieved party could not have assigned such claims to plaintiffs. The Court therefore GRANTS defendant's motion with respect to all claims with leave to amend to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV CAS 10-3903 (SSx) | Date | June 13, 2011 |
|---|---|---|---|
| Title | ASCENDIANT CAPITAL GROUP, LLC; ET AL. v. INOVA TECHNOLOGY, INC.; ET AL. | | |

allow plaintiffs to clarify the involvement between and among the Ascendiant entities.

With respect to plaintiffs' fraud claim, the Court finds that it should also be dismissed to the extent it is premised on Stern's alleged misrepresentations regarding the subordination agreement, as the integration clause in that agreement precludes such a claim because the terms of the integration clause make clear that the agreement supercedes any prior representations to the contrary. To the extent the claim is based on alleged misrepresentations in connection with the engagement and fee agreements and amended debentures, it is not pleaded with sufficient particularity to meet the requirements of Rule 9(b).

With respect to plaintiffs' claim for conspiracy, the Court further finds that the allegations fail to state a claim, as it is not clear from them with whom plaintiffs allege Stern conspired nor what the tort underlying the conspiracy claim is. With respect to plaintiffs' fifth claim for conversion, plaintiffs' opposition is somewhat vague as to whether they intend pursue such a claim at all. At oral argument, plaintiffs' counsel suggested that the claim might refer to funds converted in connection with the fee agreement. In amending this claim, the Court reminds plaintiffs that they cannot state a claim for conversion based on the alleged conversion of property in which they hold only a security interest. With respect to plaintiffs' sixth claim for tortious interference with contract, the Court finds that plaintiff should more clearly allege the ways in which defendant allegedly interfered with their contractual relationships.

The Court also admonishes plaintiffs that the seventh and eighth claims for injunctive and declaratory relief are not proper in their current form as against defendant Stern because Stern cannot provide the remedies requested. Plaintiffs provide no basis on which the Court could find that it was proper to enjoin Stern from engaging in the foreclosure, when the foreclosure could only be completed by the lienholder entities, not Stern individually. Similarly, the rights sought to be adjudicated in plaintiffs' declaratory relief claim do not implicate Stern. However, plaintiffs' counsel suggested at oral argument that plaintiffs wish to seek injunctive relief on a more proper basis as against Mr. Stern. The Court will therefore grant plaintiffs leave to amend in order to demonstrate that such a basis exists.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA       O

**CIVIL MINUTES - GENERAL**

| Case No. | CV CAS 10-3903 (SSx) | Date | June 13, 2011 |
|---|---|---|---|
| Title | ASCENDIANT CAPITAL GROUP, LLC; ET AL. v. INOVA TECHNOLOGY, INC.; ET AL. | | |

## IV.   CONCLUSION

In light of the foregoing, the Court GRANTS defendant's motion to dismiss without prejudice.  Plaintiffs shall file an amended complaint within **twenty (20)** days.  Plaintiffs are admonished that in the event they do not file an amended complaint, the action may be dismissed with prejudice.

IT IS SO ORDERED.

|  |  | 00 | : | 06 |
|---|---|---|---|---|
| | Initials of Preparer | IM | | |